UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

JUL - 6 2006

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RYAN LEE WINGLER, | * | CIV. 06-4032 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION AND ORDER |
| SO. DAK. DIVISION OF INSURANCE; RANDY MOSES; SHERRY DEEVER, Division of Ins. Fraud Unit, | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff Ryan Wingler, an inmate in the Minnehaha County Jail, brought this action pursuant to 42 U.S.C. § 1983. He was allowed to proceed in forma pauperis and has paid the initial partial filing fee. For the reasons set forth below, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In his complaint, Plaintiff alleges the Defendants are liable for tortious interference with his business relationships, illegal surveillance, extortion, attempted illegal seizure of files from his office and intimidation, all in violation of his rights under the Fifth and Fourteenth Amendments to the Constitution.

The claims against the South Dakota Division of Insurance are barred because, "[t]he Eleventh Amendment protects states and state agencies from suit by private citizens." *Pediatric Specialty Care, Inc. v. Arkansas Dept. of Human Serv.*, 443 F.3d 1005, 1017 (8th Cir. 2006). The South Dakota Division of Insurance is a division of the South Dakota Department of Revenue and Regulation. *See* SDCL §§ 1-35-4 (the Department of Revenue and Regulation is to perform all administrative functions for the subordinate Division of Insurance); 1-47–9 (Division of Insurance

is transferred to the Department of Revenue and Regulation). Moreover, the Department of Revenue and Regulation is a principal department of State government. *See* SDCL § 1-32-2. Thus, the South Dakota Division of Insurance is a state agency and Plaintiff's allegations against it fail to state a claim upon which relief may be granted.

The remaining claims are against Randy Moses and Sherry Deever. The complaint does not contain a clear statement that these Defendants are sued in their personal capacities. The Eighth Circuit holds, "[a]bsent a clear statement that officials are being sued in their personal capacities, 'we interpret the complaint as including only official-capacity claims.'" *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (quoting *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995)). Thus, Randy Moses and Sherry Deever are sued only in their official capacities.

The sole relief requested in Plaintiff's complaint is for monetary damages for past and future lost revenue and loss of standing in the community. Plaintiff's damage claims against Randy Moses and Sherry Deever in their official capacities are barred, "either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes." *Id.* Therefore, Plaintiff's allegations against Randy Moses and Sherry Deever must be dismissed for failure to state a claim upon which relief may be granted. Accordingly,

> IT IS ORDERED that the Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated this 6th day of July, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By:_____, Deputy
(SEAL)

2